UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD D. GLOVER,

    Petitioner,

v.

    CASE NO. 05-CV-72429-DT
    CHIEF JUDGE BERNARD A. FRIEDMAN
    UNITED STATES DISTRICT JUDGE

GERALD HOFBAUER,

    Respondent.
_____/

### OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Richard D. Glover, ("Petitioner"), presently confined at the Huron Valley Men's Complex in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for armed robbery, M.C.L.A. 750.529; carjacking, M.C.L.A. 750.529a; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Introduction

Petitioner was convicted of the above charges following a bench trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

1

> This case arose when defendant followed a minister and his assistant into a church and then robbed them at gunpoint. Defendant took their wallets, keys, and other personal items. Defendant then drove off with the minister's car. The prosecutor originally brought two counts of armed robbery against defendant: one for each man he robbed. The trial court dismissed the count regarding the assistant without prejudice because the assistant failed to appear at trial and the prosecutor failed to show due diligence in producing him.

*People v. Glover,* No. 242371, * 1 (Mich. Ct. App. December 11, 2003).

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 470 Mich. 885, 682 N.W.2d 92 (2004). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. There was insufficient evidence produced to prove beyond a reasonable doubt that Petitioner committed the crime of "carjacking" in so far as no evidence was produced to show that Petitioner took the victim's vehicle from the "presence" of either the complainant or anyone else.
>
> II. Petitioner was deprived of his right to effective assistance of counsel where counsel failed to move to suppress the line-up as being unduly suggestive and the fruit of an illegal arrest.
>
> III. Petitioner is entitled to a new trial where the prosecution destroyed "potentially" exculpatory evidence in violation of Petitioner's rights to due process of law.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or

> involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1.  The sufficiency of evidence claim.**

Petitioner first claims that there was insufficient evidence presented at trial to prove beyond a reasonable doubt that petitioner committed the crime of carjacking, because there was a lack of evidence that the minister was "in the presence" of his car at the time of the robbery, as M.C.L.A. 750.529a requires. More specifically, petitioner contends that the evidence establishes only that

3

petitioner took the minister's car keys from him at gunpoint, while the minister was inside of the church. However, because the minister's car was parked outside of the church, the car itself was not within the minister's presence, therefore, petitioner could not be found guilty of carjacking.

The Michigan Court of Appeals rejected this claim, noting that pursuant to their holding in *People v. Raper*, 222 Mich. App. 475, 482-83; 563 N.W. 2d 709 (1997), a car is within a victim's presence, for purposes of Michigan's carjacking statute, if the victim had control over the car, specifically its keys, and the control was relinquished only because of violence or fear. *People v. Glover,* Slip. Op. at * 2. Because the evidence at trial indicated that the minister relinquished his car keys to petitioner when petitioner demanded them at gunpoint, the trial court did not err in finding petitioner guilty of carjacking despite evidence that the minister was inside the church and his car was parked outside. *Id.*

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The Court must view this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F. 3d 594, 617 (6th Cir. 2002). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal

4

offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16.

State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). What is essential to establish an element of a crime, like the question whether a given element is necessary, is a question of state law, of which federal habeas review is not available. *See Sanford v. Yukins,* 288 F. 3d 855, 862 (6th Cir. 2002). Moreover, a federal court on habeas review must distinguish a sufficiency of evidence claim from state law claims which are disguised as *Jackson* claims. *Id.* (*citing Bates v. McCaughtry*, 934 F. 2d 99, 103 (7th Cir. 1991)). A federal habeas court must therefore defer to a state appellate court's construction of the elements of state crimes. *See Coe v. Bell*, 161 F. 3d 320, 347 (6th Cir. 1998).

In the present case, petitioner claims that the victim's immediate proximity to the vehicle that is taken is, or should be, a necessary element of the crime of carjacking under Michigan law and that petitioner's act of taking the minister's car keys from him at gunpoint alone is insufficient to constitute carjacking under Michigan law. The Michigan appellate courts have refused, however, to define the "presence" element of Michigan's carjacking statute to require the victim's close proximity to his or her motor vehicle, so long as the keys for the vehicle are taken from the victim's presence by force. In this case, the Michigan Court of Appeals has determined that petitioner's act of taking the minister's car keys at gunpoint was sufficient to make petitioner criminally liable under Michigan's

carjacking statute. This Court must defer to the Michigan Court of Appeals' construction of the elements of carjacking and therefore cannot grant habeas relief on this basis. [1]

### B. Claim # 2. The ineffective assistance of counsel claim.

Petitioner next claims that he was deprived of the effective assistance of counsel when his counsel failed to move to suppress the line-up as being unduly suggestive and being the fruit of an illegal arrest.

To prevail on his ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding this claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Due process protects the accused against the introduction of evidence which results from an unreliable identification obtained through unnecessarily suggestive procedures. *Moore v. Illinois*, 434 U.S. 220, 227 (1977). To determine whether an identification procedure violates due process, courts look

---

[1] Although not relevant to the determination of petitioner' claim, the Court notes that at least seven federal circuits, including the Sixth Circuit, have concluded that a person can be guilty of violating the federal carjacking statute where the defendant used force to take the car keys from the victim even though the victim was away from his or her car at the time of the robbery. *See U.S. v. Boucha,* 236 F. 3d 768, 771-74 (6th Cir. 2001)(collecting cases).

first to whether the procedure was impermissibly suggestive; if so, courts then determine whether, under the totality of circumstances, the suggestiveness has led to a substantial likelihood of an irreparable misidentification. *Kado v. Adams*, 971 F. Supp. 1143, 1147-48 (E.D. Mich. 1997)(citing *Neil v. Biggers*, 409 U.S. 188 (1972)).  Five factors should be considered in determining the reliability of identification evidence:

>    1. the witness's opportunity to view the criminal at the time of the crime;
>    2. the witness's degree of attention at the time of the crime;
>    3. the accuracy of the witness's prior description of the defendant;
>    4. the witness's level of certainty when identifying the suspect at the confrontation; and,
>    5. the length of time that has elapsed between the time and the confrontation.

*Neil v. Biggers,* 409 U.S. at 199-200.

A criminal defendant has the initial burden of proving that the identification procedure was impermissibly suggestive.  It is only after a defendant meets this burden of proof that the burden then shifts to the prosecutor to prove that the identification was reliable independent of the suggestive identification procedure. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1090 (E.D. Mich. 2004)(citing *English v. Cody,* 241 F. 3d 1279, 1282-83 (10th Cir. 2001)(citing *United States v. Wade*, 388 U.S. 218, 240, n. 31 (1967)).  If a defendant fails to show that the identification procedures were impermissibly suggestive, or if the totality of the circumstances indicate that the identification is otherwise reliable, no due

7

process violation has occurred; so long as there is not a substantial misidentification, it is for the jury or factfinder to determine the ultimate weight to be given to the identification. *See United States v. Hill*, 967 F. 2d 226, 230 (6th Cir. 1992); *Johnson,* 344 F. Supp. 2d at 1090.

In this case, assuming that the pre-trial identification procedures were unduly suggestive, petitioner has failed to show, under the totality of circumstances, that the suggestiveness led to a substantial likelihood of an irreparable misidentification. Although the victim testified that the robbery took place at 12:45 a.m., he also testified that there were street lights and flood lights from the church illuminating the street. The minister further testified that he viewed petitioner twice, first when he passed him on the street, and secondly, when petitioner came inside the church. Most importantly, the minister testified that he was positive that petitioner was his assailant, because he recognized petitioner as "a young man that used to belong to our church..." (T. 2/13/2002, pp. 14-15). The trial court, in finding petitioner guilty, indicated that the victim's identification of petitioner was "strong and convincing" based on his testimony that petitioner was someone who had attended his church. (T. 3/14/2002, p. 56). There is no indication that the victim's in-court identification of petitioner was ever equivocal. Even if the pre-trial identification procedures here were suggestive, the victim's identification of petitioner as his assailant was reliable, where the victim had several opportunities to observe petitioner at close range,

for a matter of minutes, and unequivocally identified petitioner at his trial. *See United States v. Daniels,* 64 F. 3d 311, 315 (7th Cir. 1995); *See also Brown v. Tracy,* 299 F. Supp. 2d 77, 80 (E.D.N.Y. 2004).

Moreover, in addition to considering the reliability of the actual identification, courts also look to other evidence to determine whether, if the identification was tainted, permitting the identification was an error of sufficient magnitude to rise to a constitutional level because of a very substantial likelihood of irreparable misidentification, or whether the error was harmless. *See Robertson v. Abramajtys,* 144 F. Supp. 2d 829, 848 (E.D. Mich. 2001). In finding petitioner guilty, the trial court also noted that petitioner fled into the house when the police went to arrest him on July 19, 2001. (*Id.* at pp. 56-57). Under Michigan law, flight is evidence of a defendant's consciousness of guilt. *Johnson v. Burke*, 903 F. 2d 1056, 1062 (6th Cir. 1990). Petitioner's behavior in fleeing into the house when the police went to arrest him demonstrated consciousness of guilt and provided additional untainted evidence which rendered the identification reliable. *See e.g. Pinkney v. Keane,* 737 F. Supp. 187, 197-98 (E.D.N.Y. 1990).

In light of the fact that the victim's identification of petitioner was independently reliable, given the ample opportunity that he had to observe petitioner at the crime scene, his previous familiarity with petitioner, and the certainty of his in-court identification, petitioner was not prejudiced, as required

to establish ineffective assistance, by trial counsel's failure to make a pretrial motion to suppress the victim's in-court and out-of-court identifications on the basis that the lineup was suggestive. *See Howard v. Bouchard,* 405 F. 3d 459, 481-485 (6th Cir. 2005); *cert. den.* 126 S.Ct. 1032 (2006).

Petitioner also claims that counsel should have moved to suppress the line-up evidence as being the fruit of an illegal arrest, in that petitioner was arrested without a warrant.

A defendant's warrantless arrest does not render any subsequent identification of the defendant by a witness suppressible fruits of a tainted arrest. *See Martin v. Mitchell,* 280 F. 3d 594, 607 (6th Cir. 2002). Because petitioner would have been unable to have the victim's identification of him suppressed as the fruit of an illegal arrest, counsel was not ineffective for failing to move to suppress the line-up on this basis. *Id.*

Moreover, petitioner's allegedly illegal arrest would not prevent the in-court identification of him by the victim. *See United States v. Lumitap*, 111 F. 3d 81, 84 (9th Cir. 1997). A defendant cannot challenge his presence at trial, and a subsequent in-court identification simply because his appearance in court was precipitated by an unlawful arrest. *United States v. Crews*, 445 U.S. 463, 474 (1980). Given the conclusion that the in-court identification of petitioner would have been admissible in this case, counsel's failure to object to the in-court identification as a result of an illegal arrest was not ineffective assistance of

counsel. *See Crump v. LeCureux*, 974 F. 2d 1338 (Table), No. 1992 WL 214521, * 3 (6th Cir. September 3, 1992). Petitioner is not entitled to habeas relief on his second claim.

### C. Claim # 3. The destruction of evidence claim.

In his final claim, petitioner contends that his right to a fair trial was violated when the police failed to preserve a pistol recovered from petitioner's house.

The failure of police to preserve potentially useful evidence for a defendant is not a denial of due process of law unless the defendant can show bad faith on the part of police. *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988). When the state fails to preserve evidentiary material "of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant," a defendant must show: (1) that the government acted in bad faith in failing to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before its destruction; and (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other means. *Monzo v. Edwards,* 281 F. 3d 568, 580 (6th Cir. 2002). A habeas petitioner has the burden of establishing that the police acted in bad faith in failing to preserve potentially exculpatory evidence. *Malcum v. Burt,* 276 F. Supp. 2d 664, 683 (E.D. Mich. 2003)(internal citations omitted). The mere fact that the police had control over evidence and failed to

11

preserve it is insufficient, by itself, to establish bad faith, nor will bad faith be found in the government's negligent failure to preserve potentially exculpatory evidence. *Id.* "The presence of absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Youngblood,* 488 U.S. at 56, n.

Petitioner's claim fails because he has failed to show that the police acted in bad faith in failing to preserve the gun for trial. *Malcum,* 276 F. Supp. 2d at 683. More importantly, petitioner has failed to show that this gun was even potentially exculpatory. Even if the police acted in bad faith in failing to preserve the gun, there is no due process violation where the destroyed evidence has only speculative exculpatory value. *United States v. Jobson,* 102 F. 3d 214, 219 (6th Cir. 1996); *Malcum,* 276 F. Supp. 2d at 683. Finally, petitioner has presented no evidence to show that the police knew that this evidence was potentially exculpatory when they failed to preserve this gun. Petitioner's conclusory allegations regarding the alleged destruction of potentially exculpatory material fail to establish that the police, in bad faith, destroyed any evidence with knowledge of its exculpatory value. *See Malcum,* 276 F. Supp. 2d at 683. Petitioner is not entitled to habeas relief on his third claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002); *Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

13

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

\_\_\_\_\_s/Bernard A. Friedman_____
**HON. BERNARD A. FRIEDMAN**
CHIEF UNITED STATES DISTRICT JUDGE

DATED: November 14, 2006